UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NINA RINGGOLD; et al.,

          Plaintiffs-Appellants,

  v.

JERRY BROWN, in his Individual and
Official Capacity as Governor of the State of
California and in his Individual and Official
Capacity as Former Attorney General of the
State of California; et al.,

          Defendants-Appellees.

No.   17-16269

D.C. No. 2:12-cv-00717-JAM-JFM
Eastern District of California,
Sacramento

ORDER

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

The memorandum disposition filed October 29, 2018, is hereby amended.

An amended disposition is filed concurrently with this order.

With these amendments, the panel has voted to deny the petition for panel

rehearing.

The full court has been advised of the petition for rehearing en banc and no

judge has requested a vote on whether to rehear the matter en banc. *See* Fed. R.

App. P. 35.

Appellants' petition for panel rehearing and petition for rehearing en banc

(Docket Entry No. 77) are denied.

Appellants' request for judicial notice (Docket Entry No. 78) is denied.

No further filings will be entertained in this closed case.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NINA RINGGOLD; et al., | No. 17-16269 |
| Plaintiffs-Appellants, | D.C. No. 2:12-cv-00717-JAM-JFM |
| v. | |
| JERRY BROWN, in his Individual and Official Capacity as Governor of the State of California and in his Individual and Official Capacity as Former Attorney General of the State of California; et al., | AMENDED MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted October 22, 2018**

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

Nina Ringgold, Justin Ringgold-Lockhart, and the Law Office of Nina

Ringgold appeal from the district court's order denying various post-judgment

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motions.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion.  *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1415-16 (9th Cir. 1995).  We may affirm the district court on any basis supported by the record.  *Moreno v. Baca*, 431 F.3d 633, 638 (9th Cir. 2005).  We affirm in part and vacate in part.

The district court did not abuse its discretion in denying plaintiffs' motion for disqualification because plaintiffs failed to establish extrajudicial bias or prejudice.  *See* 28 U.S.C. § 455 (listing circumstances requiring recusal); *Clemens v. U.S. Dist. Court*, 428 F.3d 1175, 1178 (9th Cir. 2005) (test for disqualification of judge under § 455(a)).  Contrary to plaintiffs' contention, the district court did not err by resolving the motion without an evidentiary hearing.  *See* Fed. R. Civ. P. 78(b).  We reject as without merit plaintiffs' arguments that the district court erred by denying their request for "intercircuit assignment" under 28 U.S.C. § 292.

The district court did not err in denying plaintiffs' motions for a three-judge panel.  *See* 28 U.S.C. § 2284(a).  We reject as without merit plaintiffs' contention that the district court lacked jurisdiction because the action was subject to the jurisdiction of a three-judge court.

The district court did not abuse its discretion in denying plaintiffs' motion for reconsideration and motion to vacate the judgment because plaintiffs failed to

2                                                                                          17-16269

establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60). We reject as without merit plaintiffs' contentions regarding the applicability of Fed. R. Civ. P. 52 and 54(b).

The district court did not abuse its discretion in taking judicial notice of the Central District of California's pre-filing order against Nina Ringgold and Justin Ringgold-Lockhart because courts may take judicial notice of documents in the public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (setting forth standard of review).

The district court did not abuse its discretion in sanctioning Nina Ringgold and Justin Ringgold-Lockhart under Fed. R. Civ. P. 11 because the record supports the conclusion that Ringgold and Ringgold-Lockhart filed their First Amended Complaint for the improper purpose of circumventing the pre-filing order. *See* Fed. R. Civ. P. 11; *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1361-62, 65 (9th Cir. 1990) (en banc) ("A district court confronted with solid evidence of a pleading's frivolousness may in circumstances that warrant it infer that it was filed for an improper purpose.").

17-16269

The district court did not abuse its discretion in denying plaintiffs' cross-motion for sanctions because plaintiffs failed to establish grounds for sanctions. *See* Fed. R. Civ. P. 11(b); *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1126-27 (9th Cir. 2002) (describing grounds for Rule 11 sanctions).

The district court, however, abused its discretion in imposing a $1,000 monetary sanction on Nina Ringgold because the record does not support the district court's conclusion that Ringgold violated a court order in a manner tantamount to bad faith. *See Fink v. Gomez*, 239 F.3d 989, 991-94 (9th Cir. 2001) ("[T]he district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct."). We vacate the $1,000 sanction against Nina Ringgold.

We do not consider arguments raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

Appellants shall bear the costs on appeal.

**AFFIRMED in part and VACATED in part.**

17-16269